**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OSCAR ELIAS INFANTE GOZAINE,<br><br>Petitioner<br><br>v.<br><br>JOHN MATTOS, et al.,<br><br>Respondents | Case No.: 2:26-cv-01551-APG-BNW<br><br>**Order Granting Amended Petition for a Writ of Habeas Corpus**<br><br>[ECF No. 10] |

Petitioner Oscar Elias Infante Gozaine is a citizen of Venezuela who is currently being detained by Immigration and Customs Enforcement (ICE). ECF No. 10 at 3.  He entered the United States in February 2023 by making an appointment via CBPOne and was paroled into the country for one year. *Id.*; ECF No. 7-1 at 20.

In February 2026, Gozaine was convicted of a misdemeanor DUI in Utah. ECF No. 10 at 3.  According to his I-213 form, the only other criminal history he has in this country is a traffic ticket for not having a valid driver's license. ECF No. 7-1 at 23.  After his DUI conviction, he was detained by ICE. ECF No. 10 at 2.  He requested a bond hearing before an Immigration Judge (IJ), but the IJ held she did not have jurisdiction to release him because he is an arriving alien under 8 C.F.R. § 1003.19(h)(2)(i)(B). ECF No. 7-1 at 24.  He has remained in detention since then without an individualized determination whether detention is proper.

Gozaine was ordered removed in April 2026. ECF No. 10 at 2.  He filed an appeal of the removal order to the Board of Immigration Appeals (BIA). ECF No. 11-1 at 3.

Gozaine filed a pro se petition for writ of habeas corpus. ECF No. 1-1.  The government filed a notice arguing that he was not a member of the class in *Jacobo-Ramirez*, No. 2:25-cv-

02136-RFB-MDC, because he has a final order of removal[1] and thus is detained under 8 U.S.C. § 1231. ECF No. 7.

Gozaine received counsel and filed this amended petition under 28 U.S.C. § 2241, seeking his release or a bond hearing.  He asserts two grounds for relief.  First, he argues that his detention without an individualized pre-deprivation custody determination violated his procedural and substantive due process rights.  Second, he argues his on-going detention without a bond hearing violates 8 U.S.C. § 1226(a) of the Immigration and Nationality Act.  The government did not respond to his amended petition.

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

---

[1] This notice was filed before the BIA received Gozaine's appeal of the removal order.

As an initial matter, Gozaine is not detained under § 1231. Because he appealed his removal order to the BIA, the removal order is not final, and § 1231 does not govern his detention. *See Avilez v. Garland*, 69 F.4th 525, 530-31 (9th Cir. 2023).

Gozaine's amended petition sets forth grounds that his detention without an individualized custody determination violates his procedural due process rights. Because the government did not respond, it offers no argument or evidence to rebut those grounds. And I find Gozaine's amended petition meritorious. Release is the appropriate remedy. Gozaine has a strong liberty interest to be free from arbitrary detention. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). The government's apathy to defend Gozaine's on-going detention, which has lasted more than five months, supports the contention that his detention is arbitrary.

I THEREFORE ORDER that petitioner Oscar Elias Infante Gozaine's amended petition for a writ of habeas corpus **(ECF No. 10) is GRANTED**.

I FURTHER ORDER respondent John Mattos to release Gozaine from the custody of CoreCivic on **Friday, July 17, 2026** no later than 1:00 p.m. The respondents must transport Gozaine to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Gozaine's counsel of the estimated time of release for coordination purposes.

I FURTHER ORDER that the respondents return all of Gozaine's personal property to him upon his release.

I FURTHER ORDER that the respondents may not re-detain Gozaine during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate, pursuant to 8 C.F.R. § 236.1(d)(1). The respondents must give adequate notice to Gozaine of the hearing.

/ / / /

I FURTHER ORDER the clerk of court to close this case.

DATED this  day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4